

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

JJD
F. #2020R00632

*610 Federal Plaza*
*Central Islip, New York 11722*

February 16, 2024

The Honorable Joan M. Azrack
United States District Judge
Eastern District of New York
920 Federal Plaza
Central Islip, New York 11722

   Re: United States v. Arevalo-Chavez, et al.
     Criminal Docket No.: 22-429 (JMA)

Dear Judge Azrack:

   The government respectfully submits this letter to respond to several allegations set forth in a January 30, 2024 letter filed by Glenn Obedin, Esq., counsel for the defendant Marlon Antonio Menjivar-Portillo (the "Obedin Letter"). As set forth in more detail below, Mr. Obedin's claims are inaccurate, incomplete, and/or already are being addressed by the government and the Metropolitan Detention Center ("MDC").

   First, Mr. Obedin claims that Menjivar-Portillo "remains isolated" and has only had a cellmate for one month, that being in November 2023. Obedin Letter at 1. The MDC records provided to the government, to date, do not indicate what periods of time Menjivar-Portillo had a cellmate, but the MDC has confirmed he does not have a cellmate currently. Menjivar-Portillo previously was provided a cellmate in response to Mr. Obedin's prior request, but that cellmate rotated out of the Special Housing Unit ("SHU"). The government has reminded MDC Legal that Menjivar-Portillo would prefer to have a cellmate and MDC Legal responded that MDC will assign him a new cellmate, if and when a suitable individual is identified consistent with the applicable security protocols. Additionally, in response to Mr. Obedin's claim about Menjivar-Portillo being isolated, the Court should be aware that the MDC has permitted Menjivar-Portillo to work as an orderly in the SHU, which allows him extra time outside his cell and allows him to move around the SHU to perform cleaning and other tasks.

   Second, Mr. Obedin claims that Menjivar-Portillo "has not had any commissary, even the limited items available in the SHU, since December 2023." Obedin Letter at 1. This statement is false. Bureau of Prisons records (provided on February 16, 2024) confirm that, over the past six months, Menjivar-Portillo made purchases from the commissary on September 25, 2023, October 23, 2023, November 4, 2023, November 22, 2023, December 5, 2023, December 19, 2023, January 16, 2024, February 1, 2024, and February 15, 2024. Inmates housed in the SHU are allowed to make purchases from commissary every other week, and, as set forth above,

Menjivar-Portillo generally has taken advantage of that schedule and made purchases, with limited exceptions. Moreover, those records reflect that Menjivar-Portillo has over $1,000 in his commissary account available for future commissary purchases.

Third, in response to Menjivar-Portillo and his co-defendants' repeated complaints about the limited commissary options available in the SHU for inmates who are there for administrative, rather than disciplinary, reasons, the government had a series of discussions with MDC Management and MDC Legal, who agreed to expand the list of commissary options available to such inmates.[1] The expanded list, which adds many new items, has been approved by MDC Management and will go into effect in soon.

Fourth, Mr. Obedin claims that Menjivar-Portillo "is not receiving weekly telephone calls[.]" Obedin Letter at 1. This statement is again inaccurate. MDC records (provided on February 7, 2024) reflect that, over the past six months, Menjivar-Portillo was permitted to make telephone calls on September 3, 22 and 29, 2023; October 5, 8, 20 and 29, 2023; November 6, 12, 19, and 26, 2023; December 10, 25, 29, and 30, 2023; January 11, 25 and 30, 2024; and February 3 and 5, 2024. Inmates in the SHU are generally permitted one or two telephone calls per month. However, as set forth above, in response to the government's prior communications with MDC Legal, Menjivar-Portillo has been permitted telephone calls on almost a weekly basis, with limited exceptions.

Fifth, Mr. Obedin claims that Menjivar-Portillo is not receiving all of his mail (he does admit that he's received two letters since November). The MDC does not maintain a log of all incoming mail, only mail that is flagged, so MDC cannot provide a complete list of the mail Menjivar-Portillo has received to rebut Mr. Obedin's complaints. However, the government has confirmed with the MDC Legal that none of Menjivar-Portillo's incoming letters have been flagged as inappropriate or blocked from delivery. The government notes that all of Menjivar-Portillo's telephone calls have been to Mexican telephone numbers, with one exception, and most of his approved contacts are located outside the United States, so the issues and/or delays with his mail may be caused by delays in international mail, not the MDC protocols.

Finally, Mr. Obedin complains that one of Menjivar-Portillo's co-defendants was released from the SHU and housed in an alternative location, which he claims undermines the government's prior assertion that alternative housing is unavailable for these defendants. Obedin Letter at 2. Mr. Obedin's claim misstates the government's January 19, 2024 letter, which did not say that no alternative housing was available, but rather that the alternative housing would come with the same limitations and issues he complains of. See Government Letter dated January 19, 2024 at 2 ("Moreover, moving one or more of the defendants to general population at any of the local county facilities the USMS uses to house pre-sentence defendants would not resolve these problems because the defendants would have the same (if not greater) security issues in those facilities, which all house numerous members of MS-13 and rival criminal organizations." (emphasis added). Notably, while the co-defendant had to be moved for specific

---

[1] MDC Legal cautioned that, if an inmate, who is in the SHU for administrative reasons and permitted to use the expanded commissary list, subsequently commits a disciplinary violation, that inmate will no longer be permitted to use the expanded commissary list.

issues related to that defendant, his safety issues are not resolved, he still is not housed in general population, and he remains subject to enhanced security protocols.

          Respectfully submitted,

          BREON PEACE
          United States Attorney

By:   /s/ John Durham
       John J. Durham
       Assistant U.S. Attorney
       (631) 715-7851

cc:    Counsel of Record (By ECF and email)
       Clerk of the Court (By ECF)